UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
BRIDGET ELLEN BEAN,                    )
                                                      )
                 Plaintiff,                       )
                                                      )
        v.                                           )          Civil Action No. 04-1713 (PLF)
                                                      )
RAWLEIN G. SOBERANO             )
        and                                       )
ASIAN AMERICAN                       )
BUSINESS ROUNDTABLE,            )
                                                      )
                 Defendants.                    )
_____)

## MEMORANDUM OPINION

        This matter is before the Court on defendants' motion to dismiss Count III of

plaintiff's amended complaint, which asserts a claim of disparagement and injurious falsehood

based on defendants' publication on their web site of certain statements critical of plaintiff, an

employee of the Small Business Administration.[1]  Defendants also move to strike several

paragraphs of the amended complaint, and three documents attached as exhibits to the complaint.

Upon consideration of the arguments of the parties, the Court grants the motion to dismiss Count

III for failure to plead special damages with specificity as required by Rule 9(g) of the Federal

Rules of Civil Procedure and denies defendants' motion to strike.

        To make out a claim for disparagement of property, a plaintiff must plead

"'special damages,' that is, 'pecuniary harm resulting from the defendant's unprivileged

---

        [1]        Counts I and II of the amended complaint assert claims of libel, libel *per se*, and
false light invasion of privacy.

publication of false statements, with knowledge or reckless disregard of the falsity, concerning the plaintiff's property or product.'" Browning v. Clinton, 292 F.3d 235, 245 (D.C. Cir. 2002) (quoting Fowler v. Curtis Publ'g, 182 F.2d 377, 378 (D.C. Cir. 1950), and Art Metal-U.S.A. v. United States, 753 F.2d 1151, 1155 & n.6 (D.C. Cir. 1985)).  Rule 9(g) requires that special damages be "specifically stated."  FED. R. CIV. P. 9(g).  To survive a motion to dismiss, a plaintiff "must allege actual damages with 'particularity' and specify 'facts showing that such special damages were the natural and direct result' of the defendant's conduct."  Browning v. Clinton, 292 F.2d at 245 (quoting Fowler v. Curtis Publ'g, 182 F.2d at 379).  With respect to disparagement of property, "A plaintiff can satisfy this pleading obligation by identifying either particular customers whose business has been lost or facts showing an established business and the amount of sales before and after the disparaging publication, along with evidence of causation."  Id.

> In Count III of the amended complaint, plaintiff alleges only that:
>
> Defendants' statement . . . damaged and disparaged [plaintiff's] business reputation. Ms. Bean's career suffered direct pecuniary loss as result [sic] of defendants' disparagement because their actions limited her career advancement and marketability as a civil servant and in the job market outside of the federal government.
>
> As a direct and proximate result of Defendants disparagement and injurious falsehoods, plaintiff suffered damages in an amount to be determined at trial.

Amended Complaint ("Am. Compl.") ¶¶ 42-43.

Plaintiff claims that defendants' statements "limited her career advancement" but identifies no particular business or personal opportunities lost by plaintiff, shows no causal relationship between defendants' actions and any discrete harm suffered by plaintiff, and is

simply too vague and unspecific to satisfy the requirements of Rule 9(g). Accordingly, plaintiff's

claim for disparagement must be dismissed.[2]

Defendants also move to strike paragraphs 18, 19, and 20 of the amended

complaint and attached exhibits, which describe and document e-mail communications between

defendants and two other employees of the Small Business Administration, apparently in

connection with articles (not necessarily about plaintiff) that may have been published on

defendants' web site. Defendants argue that because they do not bear directly on defendants'

communications with or publications regarding plaintiff, these statements and exhibits are

irrelevant and immaterial and impermissibly prejudice defendants.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike

from a pleading any matter that is "redundant, immaterial, impertinent, or scandalous." FED. R.

CIV. P. 12(f). Although striking pleadings is generally disfavored as an extreme remedy, a court

has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). Stanbury

Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); Pigford v. Veneman, 215 F.R.D. 2, 4

(D.D.C. 2003); see 2 MOORE'S FEDERAL PRACTICE § 12.37[1] at 12-93 to 12-94 (3d ed. 2002).

Defendants have not demonstrated that striking these statements and documents is

warranted. Their relevance to the merits of the case cannot yet be determined (plaintiff claims

they are relevant to show defendants' "state of mind" and "practices as a journalist"), and there

certainly is nothing redundant, impertinent, or scandalous about statements that do little more

---

[2]     As part of her false light invasion of privacy claim, plaintiff does allege that
" [a]fter the article [about plaintiff] appeared" in defendants' publication, " plaintiff lost a
career enhancing assignment, a 6-month detail to a staff position on a legislative committee."
Am. Compl. ¶ 36. Plaintiff, however, asserts no *causal* relationship between these events, as
required by Browning and Rule 9(b).

than describe the contents of three emails that were composed by defendants and whose authenticity is unchallenged.  The Court therefore will deny defendants' motion to strike.

An Order consistent with this Opinion shall issue this same day.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 11, 2005