UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRIDGET ELLEN BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1713 (PLF) |
| | ) | |
| RAWLEIN G. SOBERANO | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ASIAN AMERICAN | ) | |
| BUSINESS ROUNDTABLE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motion for reconsideration of the Court's decision to delay its resolution of the legal question of whether or not plaintiff is a public official for purposes of this defamation action.[1] Plaintiff Bridget Bean filed suit against defendants Rawlein Soberano and the Asian American Business Roundtable ("AABR"). There are two counts remaining: Count I for defamation (libel and libel per se), and Count II for false light invasion of privacy. Plaintiff alleges that defendants made defamatory statements about her on three occasions, in newsletters on July 1, 2004 and September 1, 2004, and in an email dated November 16, 2004.

---

[1] The briefs submitted in connection with this motion include: Defendants' Motion for Reconsideration ("Mot."); Plaintiff's Opposition to Defendants' Motion for Reconsideration ("Opp."); and Defendants' Joint Reply to Plaintiff's Opposition to Defendant's Motion for Reconsideration ("Reply").

On May 15, 2007, the Court denied defendants' motion for summary judgment, concluding that there were genuine issues of material fact in dispute and that defendants therefore were not entitled to judgment as a matter of law. See May 15, 2007 Order. In its Order, the Court noted that while the question of whether or not a defamation plaintiff is a public official is a question of law, the Court would defer that decision until after hearing the evidence at trial. The Court decided to defer the decision because while plaintiff's status as a public official (or not) is a question of law, in this particular case there are disputed underlying facts which make the issue inappropriate for resolution on a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Mandel v. Boston Phoenix, Inc., 456 F.3d 198, 207 (1st Cir. 2006) (reversing summary judgment ruling that plaintiff was not a public official because the factbound determination was inappropriate and premature at the Rule 56 stage). It is this decision that the defendants wish the Court to reconsider.

Motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure. While the most analogous rule is Rule 60, which provides for relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations are committed to the sound discretion of the trial court. See UMWA 1974 Pension Trust, 793 F. Supp. 339, 345 (D.D.C. 1992). While this Court has discretion to reconsider interlocutory orders, "the Supreme Court has admonished that courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." In re Vitamins Antitrust Litigations, Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *17-18 (D.D.C. July 28, 2000) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)) (additional internal

citation and quotation omitted).  In light of the need for finality in judicial decision-making, the Court therefore generally should grant a motion for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Id. at *18 (internal quotation omitted).  The defendants have not shown that they meet the standard for an interlocutory motion to reconsider, and the Court does not believe that its initial determination to delay resolution of the public official issue was wrong in any event.  Accordingly, it is hereby

ORDERED that [95] defendants' motion for reconsideration is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 24, 2008