UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BRIDGET ELLEN BEAN,                 )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 04-1713 (PLF)
                                    )
RAWLEIN G. SOBERANO                 )
                                    )
    and                             )
                                    )
ASIAN AMERICAN                      )
BUSINESS ROUNDTABLE,                )
                                    )
        Defendants.                 )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motion to dismiss Count I of plaintiff's amended complaint, which asserts a claim of defamation (libel and libel per se) against defendants for publication of certain statements critical of plaintiff, an employee of the Small Business Administration.[1]  In a case captioned *Bean v. Gutierrez* before Judge Retchin in the Superior Court of the District of Columbia, a jury declined to find for plaintiff on a defamation claim against a different defendant arising out of the same events.  Defendants argue that plaintiff is now barred from litigating Count I under the doctrine of collateral estoppel, also known as issue preclusion, because "the issue of defamation was decided adversely against Plaintiff[.]"

---

[1] The briefs submitted in connection with this motion include: Defendants' Motion to Dismiss Count I of the First Amended Complaint ("Mot."); Plaintiff's Opposition to Defendants' Motion to Dismiss Count I ("Opp."); and Defendants' Joint Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Reply").

Mot. at 1. Plaintiff responds both that defendants' motion is untimely and that collateral estoppel should not apply in this case.[2] Upon careful consideration of the arguments of the parties, the Court will deny the motion to dismiss.

The Court concludes that Count I is not barred under the doctrine of collateral estoppel. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Montana v. United States, 440 U.S. 147, 153 (1979)). As the D.C. Circuit has explained:

> When an issue of fact or law is *actually litigated* and determined by a valid and final judgment, and *the determination is essential to the judgment*, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. In addition, *preclusion in the second case must not work a basic unfairness to the party bound by the first determination*.

Consolidated Edison Co. of New York v. Bodman, 449 F.3d 1254, 1257-58 (D.C. Cir. 2006) (internal quotations, citations and brackets omitted) (emphasis provided). Similarly, the Supreme Court declared in Allen that "the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate

---

[2] The Court agrees that collateral estoppel should have been raised in defendants' answer, as it is an affirmative defense. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476 (1998) ("Res judicata and collateral estoppel [issue preclusion] are affirmative defenses that must be pleaded.") (citing and quoting Blonder-Tongue Laboratories v. University of Illinois Foundation, 402 U.S. 313, 350 (1971)); see also 18 MOORE'S FEDERAL PRACTICE AND PROCEDURE § 132.05[2] (3d Ed. 2002). Defendants respond that they could not have raised the defense of collateral estoppel before they did. See Reply at 2. Assuming the validity of this assertion, the proper course would have been to file a motion to amend their Answer under Rule 15. The Court will nevertheless consider defendants' motion on the merits, as plaintiff has not been prejudiced in this case.

the issue in the earlier case." Allen v. McCurry, 449 U.S. at 95 (quoting and citing Montana v. United States, 440 U.S. at 153).

This Court concludes that the issues relevant to Count I were not necessarily and actually litigated and determined in the *Gutierrez* litigation. There is no dispute that plaintiff brought a defamation suit against another defendant in a case before Judge Retchin in the Superior Court of the District of Columbia and that after a trial before a jury, the jury returned a verdict for the defendant Gutierrez on the issue of defamation on May 9, 2007. Plaintiff asserts that the Superior Court defendant, Gutierrez, was the source of some information provided to the defendants in this case, and later published by them. See Opp. at 2. But, as plaintiff notes, "the issue of whether Gutierrez is liable for defamation is different from the issue of whether Soberano is liable for defamation[.]" Opp. at 4. The jury in the Superior Court case did not decide whether or not Soberano defamed plaintiff, but rather only decided that Gutierrez was not liable for defamation either for the statement Gutierrez made to Soberano or Soberano's republication of that statement. See Exh. A to Mot., Superior Court Verdict Form.

In addition, plaintiff was not on notice during the Superior Court case that if she failed to prove defamation against Gutierrez, her claims against Soberano and AABR would be dismissed. Plaintiff also asserts that she raises allegedly defamatory statements in the amended complaint in this case that were not at issue in the Superior Court case. See Opp. at 2.[3] To dismiss Count I against these defendants because plaintiff failed to prove her case against

---

[3] Defendants argue in their reply brief that if "the Court agrees with plaintiff that the evidence and legal claims raised in both cases are not the same or similar, then the Court should not have considered the *Gutierrez* verdict in denying defendants' motion for summary judgment." Reply at 6. The Court did *not* consider the *Gutierrez* verdict in denying defendants' motion for summary judgment. See May 15, 2007 Order.

Gutierrez in the Superior Court would be unfair, particularly because the allegations in this case are broader than those litigated across the street.[4]  Accordingly, it is hereby

>ORDERED that [96] defendants' motion to dismiss Count I is DENIED.

SO ORDERED.

```
                              _____/s/_____
                              PAUL L. FRIEDMAN
                              United States District Judge
```

DATE:  January 24, 2008

---

[4] Although the Court denies defendants' motion to dismiss Count I in its entirety, it may be that defendants could argue that there are more limited points of fact or law actually litigated and determined in the *Gutierrez* litigation which plaintiff should not be allowed to relitigate under the doctrine of collateral estoppel.  See 18 MOORE'S FEDERAL PRACTICE AND PROCEDURE § 132.02[1] (3d Ed. 2002).

4